**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Clifford D. Jackson III,** ) | **CASE NO. 1:12-CV-0237** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Donna Luster,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**INTRODUCTION**

*Pro Se* Plaintiff Clifford D. Jackson III filed this action against Donna Luster, Gloria Luster, Bernedett Luster, and Donna Luster,[1] alleging libel, slander, defamation of character, and false presentation of evidence.  He seeks injunctive and monetary relief.

**BACKGROUND**

Plaintiff is under indictment in the Cuyahoga County Court of Common Pleas, Case No. CR-11-551409-A, on two counts of aggravated murder, seven counts of attempted aggravated murder, two counts of aggravated burglary, eight counts of kidnaping, and two counts of having a weapon under disability.  *See State of Ohio v. Jackson*, No. CR-11-551409-A (Cuyahoga Cty.

---

[1] It is unclear but it appears from the Complaint that there are two individuals named Donna Luster, both of whom are named as Defendants in this action.

Ct. Comm. Pl. indictment filed June 21, 2011).[2] He is currently being housed at the Cuyahoga County Jail.

Plaintiff alleges Defendants gave false statements to the police which resulted in his arrest and prosecution. Specifically, he claims Defendants falsely accused him of kicking in the side door and entering Defendants' residence on the 7200 block of Ivy Avenue in Cleveland. He asserts photographic evidence received through discovery in his criminal case does not show any indication of forced entry into this residence. Plaintiff states Defendants' allegedly false accusations were subsequently broadcast over the internet and on the local news, resulting in defamation and an "assassination of Plaintiff's character." (Doc. 1 at 2). He claims Defendants' statements have misled potential jurors and may hinder his ability to have a fair trial on his criminal charges.

Plaintiff also asserts his due process rights have been violated because he was denied a preliminary hearing and the right to be present in court without restraints. He asserts the prosecutors are overzealous and have been maliciously prosecuting him based on insufficient evidence. Plaintiff also alleges generally that the indictment is defective and the criminal proceedings against him constitute a "sham legal process." (Doc. 1 at 3).

Plaintiff seeks $100,000 in compensatory damages and an unspecified amount of punitive damages. He also seeks an order prohibiting Defendants from harassing Plaintiff because of the filing of this action. Finally, he seeks an Order garnishing Defendants' wages and placing liens on Defendants' property.

---

[2]  *See* Cuyahoga County Court of Common Pleas docket at http.//cpdocket.cp.cuyahogacounty.us/.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### **DISCUSSION**

Plaintiff alleges Defendants are liable for slander, libel, defamation, and presentation of false statements because they falsely accused him of aggravated burglary. This charge forms two of the counts in the 21 count indictment pending against him.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state court proceedings. *Id. See also Pennzoil Co v. Texaco, Inc*., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in the instant case. Plaintiff's state

court proceedings are pending, thus satisfying the first requirement of *Younger*. Secondly, courts have held that enforcing state criminal laws are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceeding, the federal court should assume that the state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15.

Here, Plaintiff is essentially raising a claim of actual innocence of two of the pending charges in his underlying criminal conviction, i.e. aggravated burglary. Plaintiff has not shown that he would be prevented from raising an actual innocence defense or otherwise challenging the evidence supporting these charges in state court. The requirements of *Younger* are, therefore, satisfied and this Court must abstain from interfering in the pending state court criminal action against Plaintiff.

The Court notes that the *Younger* doctrine generally requires a federal court to stay an action for damages during the pendency of a state action on the same matter. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998); *see also Myers v. Franklin County Court of Common Pleas*, No. 99-4411, 2001 WL 1298942 (6th Cir. Aug. 7, 2001). If a plaintiff fails to state a viable claim for damages, however, the action may be dismissed. *See Kelm v. Hyatt,* 44 F.3d 415, 421 (6th Cir. 1995); *Wheat v. Jessamine Journal Newspaper*, No. 95-6426,

1996 WL 476435 (6th Cir. Aug. 20, 1996)(finding it was proper for the district court to dismiss a plaintiff's damages claims, rather than hold them in abeyance, when the plaintiff failed to state a viable claim for relief).

In the instant case, Plaintiff has not identified any viable federal claims against Defendants. While Plaintiff characterizes his Complaint as asserting civil rights violations (Doc. 1-1 at 1), Plaintiff has set forth no allegations suggesting Defendants acted under "color of state law" for purposes of 42 U.S.C. § 1983. Indeed, the Sixth Circuit has expressly held that "providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of state law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009). Moreover, Plaintiff does not set forth any possible basis for holding Defendants liable for the due process violations alleged in the Complaint, i.e., alleged defects in the indictment, malicious prosecution, and denial of a preliminary hearing.[4] Finally, the claims Plaintiff lists against these Defendants all arise, if at all, under state tort law and do not support federal question jurisdiction. Plaintiff has also failed to allege sufficient facts demonstrating the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In the absence of an even arguably viable federal claim against Defendants, the Court finds there would be no purpose in staying the instant action. Plaintiff's claims are, therefore,

---

[4] Plaintiff's previous attempts to raise these claims against the State of Ohio, Cuyahoga County prosecutors, the Cuyahoga County Grand Jury, and his public defenders have all failed. *See Jackson v. Ohio*, Case No. 1:11CV1715 (N.D. Ohio) (Doc. 3); *Jackson v. Carr*, Case No. 1:11CV2094 (N.D. Ohio) (Doc. 3); *Jackson v. Cuy.Cty. Grand Jury*, Case No. 1:11CV2419 (N.D. Ohio) (Doc. 4); *Jackson v. Cuy. Cty. Public Defender,* Case No. 1:11CV2169 (N.D. Ohio) (Doc. 5).

dismissed.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 4/10/12

---

[5] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.